# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOLITA DUGLAS,<br>    Plaintiff | : : : | |
| v. | : : | CIVIL ACTION NO. 19-CV-4107 |
| STEFFAN W. SCHULZ,<br>    Defendant. | : : | |

## MEMORANDUM

PRATTER, J.                                                                       SEPTEMBER 25, 2019

*Pro se* Plaintiff Lolita Duglas has filed a Complaint on the Court's preprinted form. She has also filed a Motion for leave to proceed *in forma pauperis*. For the following reasons, the Motion will be granted and the Complaint will be dismissed without prejudice for lack of subject matter jurisdiction.

## I.    FACTS

Ms. Duglas's Complaint was quite brief. She has named as a defendant Steffan W. Schulz, M.D. (ECF No. 2 at 2, 3.) Ms. Duglas asserts both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under § 1332 as a basis for the Court's exercise of subject matter jurisdiction. (*Id.* at 3.) Both Ms. Duglas and Dr. Schulz are identified as being located in Philadelphia, Pennsylvania. (*Id.* at 1-3.) Ms. Duglas apparently sees Dr. Schulz for treatment of lupus and she complains that he has not been able to cure her condition. (*Id.* at 4.) She asks the Court to help. (*Id.* at 3, 5.)

## II.    STANDARD OF REVIEW

The Court grants Ms. Duglas leave to proceed *in forma pauperis*. Accordingly, the Court must review the pleadings and dismiss the matter if the action is frivolous, malicious, or fails to

forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). As the Court has already informed Ms. Duglas in another case she has filed in this District, even though her *pro se* pleadings will be liberally construed, as a plaintiff commencing an action in federal court, she bears the burden of establishing federal jurisdiction. *See Duglas v. Kemper*, Civ. A. No. 3010 (citing *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.").)

## III. DISCUSSION

Ms. Duglas has failed to assert a basis for this Court's exercise of subject matter jurisdiction. There is no basis for the exercise of federal question jurisdiction under § 1331 because Ms. Duglas raises no federal constitutional or statutory claims. Because there is no basis for federal question jurisdiction, the Court will not exercise supplemental jurisdiction over any state law claim she may have against Dr. Schulz. Finally, given that Ms. Duglas asserts that both she and Dr. Schulz are located in Philadelphia, complete diversity is lacking under § 1332(a).

Because it may be possible for Ms. Duglas to amend her complaint to cure the jurisdictional defect the Court has identified, her Complaint will be dismissed without prejudice, and she will be permitted an opportunity to file an amended complaint.

An appropriate order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*
GENE E.K. PRATTER, J.

2