# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOLITA DUGLAS<br>    Plaintiff, | :<br>:<br>: |
| v. | :     **CIVIL ACTION NO. 19-CV-4107** |
| | : |
| STEFFAN W. SCHULZ,<br>    Defendant. | :<br>: |

## MEMORANDUM

**PRATTER, J.**                                                                                                                          OCTOBER 31, 2019

In a prior Memorandum and Order entered on September 25, 2019, the Court granted Plaintiff Lolita Duglas leave to proceed *in forma pauperis* and dismissed her *pro se* Complaint for lack of subject matter jurisdiction. (*See* ECF Nos. 4, 5.) Ms. Duglas was granted leave to file an amended complaint if she could correct the jurisdictional defect the Court identified. Ms. Duglas filed an Amended Complaint on October 22, 2019. Because the Amended Complaint also fails to state a basis for the Court's exercise of jurisdiction, it must be dismissed without prejudice. Having already afforded Ms. Duglas an opportunity to amend, and it appearing that further attempts at amendment would be futile, no further leave to amend will be granted.

## I.    FACTS

Ms. Duglas's Amended Complaint names as Defendant Steffan W. Schulz, M.D., and asserts federal question jurisdiction over her claim that he has failed to properly treat her medical condition. (ECF No. 7 at 2, 6, 8.) Ms. Duglas asserts that both she and Defendant Schulz are located in Philadelphia, Pennsylvania. (*Id.* at 1, 4.) The only basis she cites for this Court's subject matter jurisdiction is Federalist 85. (*Id.* at 2.) She seeks as relief that the "Court to teach [her] how to cure lupus." (*Id.* at 8.)

## II. STANDARD OF REVIEW

As the Court previously granted Ms. Duglas leave to proceed *in forma pauperis*. Therefore, 28 U.S.C. § 1915(e)(2)(B)(ii) applies and requires that the Court review the pleadings and dismiss the matter if it determines that the action is frivolous, malicious, or fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). That the Court has twice informed Ms. Duglas — in the prior Memorandum in this case as well as in another case she filed in this District — that even though her *pro se* pleadings will be liberally construed, as a plaintiff commencing an action in federal court, she bears the burden of establishing federal jurisdiction. (*See* ECF No. 4 at 2 (citing *Duglas v. Kemper*, Civ. A. No. 3010 (citing *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.")).)

## III. DISCUSSION

Ms. Duglas has again failed to assert a plausible basis for this Court's exercise of subject matter jurisdiction. Notwithstanding her reference to Federalist 85, there is no basis for the exercise of federal question jurisdiction under 28 U.S.C. § 1331 because Ms. Duglas raises no federal constitutional or statutory claims. Because there is no basis for federal question jurisdiction, the Court will not exercise supplemental jurisdiction over any state law claim she may have against Defendant Schulz. Finally, given that as Ms. Duglas asserts that both she and Defendant Schulz are located in Philadelphia, complete diversity is lacking under 28 U.S.C. § 1332(a). Because Ms. Duglas has already been permitted an opportunity to amend her complaint

2

to cure the jurisdictional defect the Court identified and she has failed to do so, her Amended Complaint will be dismissed without prejudice. The Court concludes that further attempts at amendment would be futile.

An appropriate Order follows.

**BY THE COURT:**

*/s/ Gene E.K. Pratter*
**GENE E.K. PRATTER, J.**